# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANET J. JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 16-1329-JWL |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) made after a prior remand by this court in which she denied Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

---

[1]On Jan. 20, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**I.     Background**

In a decision issued November 20, 2014, this court remanded an earlier case wherein Plaintiff sought review of a decision denying Plaintiff's applications for DIB and SSI benefits. James v. Colvin, Case No. 13-1387-JWL, slip op., (D. Kan. Nov. 11, 2014) (appearing in the administrative rec. at 882-91). In that case, the court found that the ALJ erred in failing to explain why he accorded significant weight to a state agency psychological consultant's opinion that Plaintiff is able perform "simple tasks," but assessed a residual functional capacity (RFC) to perform "simple to intermediate tasks" (R. 888), and remanded for further proceedings to correct that issue. Id. at 891. On remand, further proceedings were held and the same ALJ issued another decision dated September, 22, 2015 finding Plaintiff not disabled during the relevant time period. Id. at 768-79.[2] Plaintiff requested Appeals Council review of the decision after remand, id. at 761, and the Council declined to assume jurisdiction. Id. at 753. Therefore, the ALJ's decision is the final decision of the Commissioner subject to this court's review. Plaintiff argues that in the decision at issue the ALJ erred in evaluating the medical opinion of a different state agency medical consultant, Dr. Tawadros. (Pl. Br. 13-16).[3]

---

[2]While this court was reviewing the earlier decision, Plaintiff again applied for DIB and SSI benefits on September 19, 2013, and the Commissioner issued a favorable decision finding her disabled beginning June 14, 2013. (R. 768). Therefore, the relevant period covered by the ALJ's decision in this case is from September 30, 2000 through June 13, 2013. Id.

[3]Plaintiff has not numbered the individual pages of her Briefs in this case, so the court uses the page numbers assigned by the software it uses to read the    (cont'd)...

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the

---

.pdf files downloaded from its case management/electronic case filing (CM/ECF) system. The court notes that Plaintiff's counsel frequently practices in Social Security cases before this court, and that the court began reminding her of this deficiency more than three years ago. Coffland v. Colvin, Civ. A. No. 13-1030-JWL, Mem. and Order at 4, n.3 (D. Kan. Apr. 17, 2014). The court warns counsel that at some point, likely in the not-to-distant future, it may begin sanctioning counsel for failing to obey the orders of the court.

[Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors

4

of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds no error in the decision at issue.

## II. Discussion

As Plaintiff argues, the Commissioner's "RFC assessment 'must include a narrative discussion describing how the evidence supports each conclusion,'" and must "include an explanation how any ambiguities and material inconsistencies in the evidence were considered and resolved." (Pl. Br. 11-12) (quoting Soc. Sec. Ruling (SSR) 96-8p, 1996 WL 374184, at *7 (July 2, 1996). And, as Plaintiff argues, this court has held that where an ALJ does not cite evidence supporting his finding and fails to explain how he arrived at his conclusions in that regard, remand is necessary. Id. at 12-13 (citing Grundy v. Astrue, Civ. A. No. 09-1342-JWL, 2010 WL 4025756, at *5 (D. Kan. Oct. 13, 2010)).

Plaintiff argues that the ALJ "gave weight" to Dr. Tawadros's opinion that Plaintiff should avoid all exposure to noise, but found only that Plaintiff should avoid loud background noise and failed to explain the difference between Dr. Tawadros's

5

opinion and the RFC assessed. (Pl. Br. 14). Plaintiff argues that the only reason the ALJ gave to discount Dr. Tawadros's opinion was because later-acquired evidence warranted additional exertional limitations. (Pl. Br. 14). Plaintiff argues that the Appeals Council's suggestion that there was no error because Plaintiff's supervisor said her hearing was better than alleged is unpersuasive because Dr. Tawadros discussed this evidence and nonetheless opined that Plaintiff needed an environment with no noise. (Pl. Br. 15). Finally, Plaintiff argues that the medical records support a need for no noise exposure, most relevantly, the Commissioner's subsequent determination that Plaintiff's hearing meets Listing 2.10. Id.

The Commissioner counters that the ALJ was not required to mirror Dr. Tawadros's opinion verbatim, the RFC assessment must be based on all of the relevant evidence, and the ALJ considered, discussed, and accorded significant weight to record evidence demonstrating that Plaintiff's "auditory functioning is better than she alleged." (Comm'r Br. 7) (quoting R. 777). She points to the ALJ's finding that Plaintiff worked while alleging disability, that this work was as a drive-through cashier at a fast-food restaurant, and her supervisor indicated that she has no problems hearing him, hearing the customers, or hearing other co-workers. Id. at 8 (citing R. 777). She argues that the ALJ properly considered all of the evidentiary record, that the record supports the finding, and the court may not reweigh the evidence and substitute its judgment for that of the Commissioner. Id. at 9. Finally, she argues that Plaintiff's argument ignores the fact that her hearing progressively worsened, the medical evidence did not confirm that her

6

condition meets Listing 2.10 until December, 2013, and there is no evidence that her condition was disabling during the relevant period of this case. (Comm'r Br. 10).

In her Reply Brief, Plaintiff argues that despite the Commissioner's reliance on the earlier court decision, this is a new case reviewing a new decision and is subject to de novo review. (Reply 1). She next suggests that if this court had been aware of the Commissioner's finding of disability while the earlier case was pending, it may have remanded for an award of benefits in the earlier decision, and that the ALJ's decision does not resolve the marked difference between his finding of no disability on June 13, 2014 and the Commissioner's finding that she met a Listing the very next day. Id. She reiterates her argument from her Social Security Brief that the ALJ only discounted Dr. Tawadros's opinion because it was inconsistent with later-acquired evidence of exertional limitations, and did not "explicitly explain why he did not include" Dr. Tawadros's more limiting noise restriction. (Reply 2).

### A. The ALJ's Findings

The ALJ discussed Dr. Tawadros's opinion, noting that she:

> concluded that the claimant should avoid all exposure to noise and work only in a job with no hazards (Exhibits 7A and 8A [(R. 81-112)]). This is given some weight to show that the claimant's hearing loss results in only some limitations. However, the State agency medical consultant did not have access to any new evidence regarding the claimant's recent back surgery, which warrants additional exertional limitations.

(R.776).

The ALJ also considered and discussed the evidence regarding Plaintiff's hearing ability. With regard to Listing 2.10, the ALJ noted that during the period at issue Plaintiff's pure tone air conduction and bone conduction did not meet the criteria of the Listing, and she "did not have a word recognition score of 40% or less in the better ear determined using a standardized list of phonetically balanced monosyllabic words." (R. 771). He summarized Plaintiff's allegations and testimony regarding significant hearing limitations. Id. at 773. He found Plaintiff's allegations of symptoms "not entirely credible," id. at 774, and summarized her treatment for her hearing impairment. Id. at 774-75. He also discussed the report of a consultative examination by an audiologist, Mr. Hilderman, and noted that Mr. Hilderman "stated that hearing aids would work well and allow her to communicate much more effectively in most all environments." (R. 774) (emphasis in original). He summarized treatment records by Dr. Barnes, an otolaryngologist, who referred her to have a hearing aid fitted, and noted that at a February 2013 visit she "was doing well with her hearing aids after some needed adjustment." Id. at 775 (emphasis in original). He noted that none of Plaintiff's treating sources, including "otolaryngology specialists, suggested, implied or stated before June 14, 2013 any disabling limitations." Id. at 777.

Finally, the ALJ discussed the statements of Plaintiff's work supervisor, and explained the ALJ's consideration of Plaintiff's hearing ability:

> In December 2010, a State agency worker also called and spoke to the claimant's work supervisor, Doug at Wendy's, who said that he knew of no physical disability or problem with the claimant. He reported she was a

8

good employee, and was able to do all work assigned without any problems. She had no problems serving as the drive-thru cashier taking orders, talking with customers, placing orders, retrieving orders and making change. The supervisor said the claimant had no problems hearing him, customers or other co-workers (Exhibit 7A, page 17[4]). This is given significant weight to show that the claimant's auditory functioning is better than she alleged.

After a thorough review of the evidence of record, including the claimant's allegations and testimony, forms completed at the request of the Social Security Administration, the objective medical findings, medical opinions, and other relevant evidence, the Administrative Law Judge finds the claimant capable of performing work consistent with the residual functional capacity established in this decision. Looking at the limited time period up to June 13, 2013, the evidence has established that the claimant had some limitations from her hearing but was able to function effectively in public, such as working at fast food. Since June 13, 2013, her hearing has gotten worse so that now it meets Listing 2.10B, based on a newer consultative examination. However, her prior testing at Exhibit 5F [(R. 570)] showed 88% hearing, and it is impossible to determine exactly when her hearing diminished to listing level. At the last hearing, she had no problem hearing and understanding at the hearing [sic], although she did appear to need to look at the speaker.

(R. 777).

### B. Analysis

"[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012) (citing Howard v. Barnhart, 379 F.3d 945, 949 (10th Cir. 2004)); Wall, 561 F.3d at 1068-69). The narrative discussion required by SSR 96-8p to be provided in an RFC assessment does not require citation to a medical opinion, or even to medical

---

[4]There is no page 17 in Exhibit 7A. The information discussed by the ALJ appears at page 7 of Exhibit 7A. (R. 87).

9

evidence in the administrative record for each RFC limitation assessed. Castillo v. Astrue, No. 10-1052, 2011 WL 13627, *11 (D. Kan. Jan. 4, 2011). "What is required is that the discussion describe how the evidence supports the RFC conclusions, and cite specific medical facts and nonmedical evidence supporting the RFC assessment." Id. See also, Thongleuth v. Astrue, No. 10-1101-JWL, 2011 WL 1303374, *13 (D. Kan. Apr. 4, 2011). The court will not insist on a factor-by-factor analysis of the medical opinions so long as the "ALJ's decision [is] 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) (quoting Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003)). Nonetheless, an ALJ's narrative discussion must include an explanation how any ambiguities and material inconsistencies in the evidence were considered and resolved. SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 149 (Supp. 2017). The narrative discussion must include consideration of the credibility of the claimant's allegations of symptoms and consideration of medical opinions regarding her capabilities. Id. at 149-50. If the ALJ's RFC assessment conflicts with a medical opinion, the ALJ must explain why he did not adopt the opinion. Id. at 150.

The ALJ met the standard in this case. Although as Plaintiff argues, "the ALJ did not explicitly explain why he did not include" Dr. Tawadros's more limiting noise restriction (Reply 2), his decision makes abundantly clear the reasons he did so. He specifically explained that he only accorded some weight to Dr. Tawadros's opinion "to

10

show that the claimant's hearing loss results in only some limitations." (R. 776). Although in that paragraph he only mentioned that Dr. Tawadros was unaware of Plaintiff's additional exertional limitations, elsewhere he provided ample explanation that the record revealed that Plaintiff's auditory functioning was better than she alleged in the records she submitted and at the hearing. He acknowledged that she had proven some limitations from her hearing during the period at issue, but she was able to function effectively. He explained that he had accommodated her hearing limitations within the RFC assessed. Those limitations consisted of avoiding loud background noise, unprotected heights, and hazardous moving machinery; and no more than occasional interaction with co-workers and with the public. Plaintiff has shown no error in the ALJ's consideration of Dr. Tawadros's opinion.

The court finds it necessary to address one other issue presented by Plaintiff's arguments. Plaintiff makes much of the fact that she reapplied for benefits and the Commissioner found her disabled effective the very next day after the first ALJ decision in this case. She even goes so far as to suggest that this court might have made a different decision in its review of the earlier decision had it been aware that the Commissioner had awarded benefits in the interim. Such arguments are simply irrelevant to judicial review of a decision of the Commissioner. The court's jurisdiction to decide a suit against the Social Security Administration is delimited by the Social Security Act. Weinberger v. Salfi, 422 U.S. 749, 757-64 (1975). Weinberger instructs that section 405(g) of the

Act is the exclusive basis for subject matter jurisdiction over Plaintiff's complaint. Weinberger, 422 U.S. at 757. Section 405(g), in turn, provides that the court's review shall be based on the transcript of the record before the Commissioner and that if additional evidence is presented to the court, the court may, in certain circumstances, remand for additional evidence to be taken by the Commissioner, but the Act does not provide for consideration of evidence not in the record before the Commissioner. 42 U.S.C. § 405(g).

Therefore, both now and in its review of the first ALJ decision, this court was limited to consideration of the evidence relevant to the period at issue in each case and in the administrative record before the Commissioner below. The court's decision was, and is, not affected by circumstances, facts, or evidence outside the relevant period at issue, or outside the administrative record before the Commissioner. While the administrative record in this case technically contains the December, 2013 "Audiology Consultation Report" in which it was determined that Plaintiff's speech discrimination in her best ear was 36% (R. 1182), that evidence was outside the time period at issue here and the ALJ specifically noted that it was not considered because it was "covered by the later application and decision that the claimant's condition met Listing 2.10B." (R. 768). Plaintiff does not point to record evidence which demonstrates that her condition met or equaled a Listing, or that compels a determination that she was disabled, during the relevant period at issue in this case.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this 8th day of September 2017, at Kansas City, Kansas.

                                s:/ John W. Lungstrum
                                **John W. Lungstrum**
                                **United States District Judge**